FILED

JUL 26 2005

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Karen Stanley )
7907 Barclay Place )
White Plains, Maryland 20695 )
      Plaintiff, )

CASE NUMBER 1:05CV01471

JUDGE: Henry H. Kennedy

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 07/26/2005

v.

)Civil No: _____

Children's National Medical Center )
111 Michigan Avenue, NW )
Washington, DC 20010-2970 )

      Defendant )

## COMPLAINT

Plaintiff, Ms. Karen Stanley, by her undersigned attorney brings this action in the United States District Court for the Southern District of Maryland, based upon, 28 U.S.C. 1332, diversity of citizenship jurisdiction, using District of Columbia state law, and alleges as follows:

1. Plaintiff brings this action alleging, common law defamation of character, intentional misrepresentation, and common law libel per se.

2. Plaintiff is suing Defendant, Children's National Medical Center, incorporating their

1

respective employees, based upon respondeat superior, vicarious agent liability.

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. 1332, diversity of citizenship jurisdiction, the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

4. Further, the Plaintiff, Karen Stanley, is a resident of the state of Maryland and the Defendant Children's Hospital, is a public institution located in Washington, DC, and does not operate in the State of Maryland.

5. Venue is in the United States District for the District of Columbia and is proper under 28 U.S.C. 1391.

## PARTIES

### PLAINTIFF

6. Plaintiff, Karen Stanley, registered nurse, was an Acting Care Coordination Manager, in the DC Kids department, at Children's National Medical Center, until recently she had worked there for about nine years.

7. Plaintiff is a resident of the state of Maryland and resides at 7907 Barclay Place, White Plains, Maryland 20695. Plaintiff's duties included supervision, coordination of activities, problem solving, multi- tasking, and the delivery of education and training to patients as well as staff.

8. Furthermore, Plaintiff directly supervised the daily activities of the call center and developed and implemented policies and procedures.

### DEFENDANT

9. The Defendant Children's National Medical Center is a public hospital that employs doctors, nurses and various support staff, located in Washington, DC, at 111 Michigan Avenue, Washington, DC 20010-2970.

FACTS

The facts giving rise to this cause of action are as follows;

10. Plaintiff, an Acting Care Coordination Manager at Children's National Medical Center, hereinafter referred to as CNMC, placed an application to be promoted internally to the position of Clinical Coordination Manager.

11. On April 27, 2005, Defendants wrote to Plaintiff that the position of Clinical Coordination Manager, which Plaintiff, previously for, as a promotional job change, was eliminated.

12. May 3, 2005- Deaunte Lancaster, a CNMC employee met with Gretta Todd and Franklyn Baker, other CNMC employees, based on fraudulent information noted here: Plaintiff, went to Washington Hospital Center and accused Crystal Farrell of sending the anonymous letters and threatening to kill plaintiff; Plaintiff insists that this conversation never happened, but the allegations stated by Ms Lancaster were believed by both parties, without investigation on the validity of the statements a meeting was initiated to include the Head of Security, Human resources, representative Karen Myers, Greta Todd, Franklyn Baker, Mary Allen-Rochester were instructed to wait to be called into the meeting for May 4, 2005.

13. On May 6, 2005, Plaintiff and Defendant had a meeting. In which Defendants stated that "as a result of Plaintiff's "inappropriate actions" Plaintiff's employment as Acting

3

Care Manager, with Children's National Medical Center is terminated effective May 6, 2005. A follow up letter was written to Plaintiff soon thereafter.

14. Plaintiff was accused by the Defendants, both verbally and written, of committing "inappropriate actions", which were;

a. Violating the breach of confidentiality by going to see several patient employees, infirmed at the Washington Hospital Center, that were on final notice, at Children's National Medical Center.

15. Plaintiff contends that the employees on disciplinary notice were subordinates and friends of hers, whom she previously supervised at the hospital and she was genuinely concerned about their welfare, as they were admitted to the hospital for serious medical conditions.

16. Plaintiff has asserted that most of the employees supervised by Plaintiff were under some type of disciplinary notice.

17. Plaintiff can attest that in her nine years of employment at CNMC, she has never heard of the "inappropriate actions" of which she was accused of by Defendants. Additionally, Plaintiff was a model employee, she has never been written up, or in trouble and was recently highly recommended by several members of CNMC faculty by written letters. *See exhibit 1, 2, and 3, attached.*

18. Plaintiff states that the reason she was fictitiously fired was that the faculty Director, Franklyn Baker simply did not want Plaintiff around anymore.

19. On Friday, June 10, 2005. The Employee Complaint Review Committee met with, Ms. Stanley to resolve her conflicting employment disputes.

20. In follow up letter dated June 17, 2005, Defendant wrote that Plaintiff's reason for

4

termination of employment was "position elimination".

Defendants further wrote that, the previous letter dated May 9, 2005, stating that the reason for termination of Plaintiff's position as "inappropriate actions", was to be removed from the file.

21. Plaintiff asserts that the promotional position she applied for was eliminated but that she should not have lost her current position at the hospital as Acting Care Coordination Manager.

22. Plaintiff contends that she did nothing wrong and that she was falsely accused and defamed by Defendants.

23. Defendants final letter to Plaintiff dated May 9, 2005, evidences that Plaintiff did nothing wrong.

24. Plaintiff asserts that CNMC employees, once or twice in the evening, made threatening calls to her home by calling, breathing heavy, and not speaking .

25. Plaintiff has attested to the fact, that the employees she worked with at Children's National Medical Center were a "rough bunch" of people.

26. Plaintiff further asserts that Defendants have police reports on file detailing anonymous threats filed against her by Defendant employees, and there are on file at the police station.

27. Defendants actions, placed Plaintiff in severe emotional distress. Plaintiff was not eating, sleeping and was suicidal. Plaintiff went to see a physician, Dr. Daeh Jallah, as a walk in patient. Plaintiff, was prescribed 7 days off, from 5-6-05 to 5-13-05 and then again 5-13-05 to 5-24-05, and instructed to take anti depressant medication.

## COUNT I-COMMON LAW DEFAMATION OF CHARACTER

Plaintiff incorporates paragraphs 1-27 above

28. To satisfy a prima facie case for common law defamation the statement by the defendant must be defamatory, adversely affecting ones reputation, of or concerning the plaintiff in the view of a reasonable listener, and it must be published as in intentionally or negligently communicating it to a third person. Defendant, Deaunte Lancaster met with Gretta Todd and Franklyn Baker, based on fraudulent information and it was stated that Plaintiff, went to Washington Hospital Center and accused Crystal Farrell, a CNMC employee on final notice, of sending the anonymous letters and threatening to kill plaintiff; Plaintiff insists that this conversation never happened.

A. Slander

29. Defendants, will be liable for slander under the common law defamation of character if plaintiff shows special damages, defendant is liable for defamation. Plaintiff was terminated from employment at CNMC because of the "inappropriate actions" she was accused of.

## COUNT II-INTENTIONAL MISREPRESENTATION

Plaintiff incorporates paragraphs 1-29 above and further states as follows;

30. Plaintiff can make a case for intentional misrepresentation, which is the misrepresentation of a material fact , that the defendant affirmatively makes, when the defendant made the statement she knew of believed it was false and had no basis for the statement, intent to induce the plaintiff to act or refrain from acting in reliance upon the misrepresentation, actual reliance by the plaintiff, and damages, the plaintiff must suffer pecuniary loss.

6

31. Defendants intentionally misrepresented the reasons why Ms. Stanley was fired from Children's National Medical Center. Furthermore, when Ms. Stanley wrote letters every week to Defendants, asking for an appropriate explanation, they had none to give and falsely accused the Plaintiff of "inappropriate actions" when they had no proof of what actually occurred.

## COUNT III-COMMON LAW LIBEL PER SE

Plaintiff incorporates paragraphs 1-31 above and further states as follows;

Plaintiff can make a case for libel, which is the written or printed publication of defamatory language. Plaintiff does not need to prove special damages and general damages are presumed. Plaintiff contends that Defendants sent anonymously written threatening information to hospital administration about her, the details of which Defendants have on file. Defendants have neglected to send the file copies of this to Plaintiff. Karen Myers, an administration employee, stated to Plaintiff that the written information about her was very bad and that "plaintiff should be very cautious and watch her back". Additionally, Plaintiff was told that the information was threatening against her life.

Furthermore, in the letter dated May 9, 2005, Defendants directly wrote to Plaintiff that "as a result of your inappropriate actions" your employment with Children's National Medical Center" was terminated effective May 6, 2005. This letter was C.c'd to Franlyn Baker, and Greta Todd, other employees at CNMC. *See exhibit 4 attached.*

WHEREFORE, Plaintiff prays

1. That the Defendants be found guilty by a preponderance of the evidence of defamation

7

of Plaintiff's character, libel per se, and intentional misrepresentation of the true reasons that Plaintiff's position at CNMC was terminated.

2. That Defendants provide Plaintiff with copies of the anononymous threatening information sent to administration concerning Plaintiff.

3. That the court declare that Defendant's refusal to disclose information and documents requested by plaintiff is unlawful.

4. That Plaintiff be awarded attorney's fees and costs of bringing this suit

5. That Plaintiff be awarded compensatory and punitive damages, as well as lost wages.

6. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Beattie and Associates, P.L.L.C

_____
Michael J. Beattie
DC Bar No. 450873
9502B Lee Highway
Fairfax, VA 22031
Phone: 703-267-5784
Fax: 703-385-0074

Attorneys for Plaintiff