IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN STANLEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHILDREN'S NATIONAL MEDICAL )<br>CENTER )<br>)<br>Defendant. )<br>_____) | Case No.: 1:05CV01471 (HHK) |

### DEFENDANT'S MOTION TO DISMISS

Children's National Medical Center ("Children's")[1], by undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits its Motion to Dismiss. In support thereof, Children's states:

1. Plaintiff alleges that she was defamed and defrauded.

2. At essence, however, Plaintiff's Complaint simply voices her dissatisfaction with the termination of her employment—nothing more.

3. Plaintiff's defamation claim must be dismissed because she has not plead her allegations with the required specificity, offering only generalized statements and speculative assertions.

4. Even if her allegations could somehow be construed as sufficiently specific to establish a claim, her defamation claim should still be dismissed because she cannot establish that the statement defamed or harmed her in anyway, that it was made with the requisite malice

---

[1] Children's National Medical Center is not a proper party to this lawsuit. Plaintiff's former employer, and the employer of the other individuals identified in her Complaint is Children's Hospital, a separate legal entity. In the unlikely event this matter were to proceed, Children's Hospital would therefore have to be substituted as the proper Defendant.

to overcome its privileged character, that statements made by Children's employees to other Children's employees constitute publication, or that the statement was false.

5.   Plaintiff's fraud claim must be dismissed because she cannot rely upon a statement regarding the reasons for the termination of her employment to support an action for fraud.

6.   Plaintiff's slander claim must be dismissed because she cannot allege the requisite facts necessary to overcome the privilege protecting the letter confirming the termination of her employment, she cannot demonstrate that the letter was published, and she concedes that she engaged in the conduct which Children's characterized as inappropriate.

WHEREFORE, for the foregoing reasons and those set forth more fully in Defendant's Memorandum of Points and Authorities in Support hereof and incorporated herein by reference, Defendant Children's respectfully requests that Plaintiff's Complaint be dismissed in its entirety and with prejudice.

Respectfully submitted,

THE CHILDREN'S NATIONAL MEDICAL CENTER

/s/ Raymond C. Baldwin
Raymond C. Baldwin #461514

SEYFARTH SHAW
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400

Attorneys for Defendants

Date: October 5, 2005

DC1 30153700.1