IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN STANLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:05CV01471 (HHK) |
| ) | |
| CHILDREN'S NATIONAL MEDICAL ) | |
| CENTER ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

Children's National Medical Center ("Children's")[1], by undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss.

### I.   INTRODUCTION

Plaintiff has filed a nearly incomprehensible Complaint, apparently contending that she was defamed and defrauded. Plaintiff's Complaint must be dismissed, however, because: (a) she has not plead her defamation claim with sufficient specificity to survive dismissal; (b) any statement she alleges was made was not defamatory; (c) she cannot rely upon a statement regarding the reasons for the termination of her employment to establish a claim of fraud; and (d) her slander claim fails because she does not and cannot allege the requisite facts necessary to overcome the privilege protecting the letter confirming the termination of her employment and, even if she could, the plain language of the letter cannot be construed as defamatory. Indeed, Plaintiff concedes that the letter accurately reflects what she was told regarding the termination

---

[1] Children's National Medical Center is not a proper party to this lawsuit. Plaintiff's former employer, and the employer of the other individuals identified in her Complaint is Children's Hospital, a separate legal entity. In the unlikely event this matter were to proceed, Children's Hospital would therefore have to be substituted as the proper Defendant.

of her employment and that she did in fact engage in the conduct which Children's termed "inappropriate."

Plaintiff cannot convert her annoyance and disagreement with common workplace communications and actions into viable claims for defamation and fraud. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted and should therefore be dismissed.

## II.   SUMMARY OF FACTS[2]

Plaintiff was employed at Children's as an Acting Care Coordination Manager. (Compl. at ¶ 6). On May 3, 2005, DeAunte Lancaster, Greta Todd and Franklyn Baker met. (Compl. at ¶ 12). At this meeting, DeAunte Lancaster allegedly said that Plaintiff "went to Washington Hospital Center and accused Crystal Farrell of sending anonymous letters and threatening to kill plaintiff." (Compl. at ¶ 12). In a letter of recommendation also dated May 3, 2005, Ms. Lancaster stated that Ms. Stanley's "leadership, ability to handle conflict, initiative, energy and self-confidence has been an inspiration to me and the entire department." (Compl. Exh. 3). On May 6, 2005, Plaintiff met with some unidentified individual at Children's who informed her that her employment was being terminated due to "inappropriate actions which were: Violating the breach of confidentiality by going to see several patient employees, infirmed at the Washington Hospital Center, that were on final notice, at Children's National Medical Center." (Compl. at ¶¶ 13, 14). In a letter dated May 9, 2005, Ms. Stanley was informed that, "[t]his letter documents our conversation on Friday, May 6, 2005. As a result of your inappropriate actions, your employment with Children's Hospital was terminated effective May 6, 2005." (Compl. Exh. 4).

## III.   LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court assumes that the facts alleged by Plaintiff are true, and any inferences that can be drawn from those facts will be done so in favor of plaintiff. *Doe v. United States Department of Justice*, 753 F.2d 1092 (D.C. Cir.

---

[2] Children's assumes the truth of the facts as set forth in Plaintiff's Complaint for purposes of this Motion only.

1985). However, the court need not accept the legal conclusions of the non-moving party. *Taylor v. FDIC,* 132 F.3d 753, 762 (D.C. Cir. 1997). To prevail, a motion to dismiss must demonstrate that no set of facts may be proven that entitles plaintiff to relief. *Conley v. Gibson,* 335 U.S. 41, 45-46 (1957).

## IV. ARGUMENT

### A. Plaintiff Does Not And Cannot Plead Defamation With The Required Specificity.

"A plaintiff bringing a defamation action . . . must show: (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Beeton v. District of Columbia,* 779 A.2d 918, 923 (D.C. 2001).

It is axiomatic that a "heightened pleading standard" applies to actions for defamation. *See, e.g., Hoffman v. Hill & Knowlton, Inc.,* 777 F. Supp. 1003, 1005 (D.D.C. 1991). Plaintiff must present a specific factual basis for every alleged defamatory statement—speculative or conclusory allegations are insufficient. *Wiggins v. Phillip Morris, Inc.,* 853 F. Supp. 458, 465 (D.D.C. 1994) ("[c]onclusory allegations are insufficient to state a claim" and "[a]ll averments of defamation must be pled with particularity"); *Hoffman,* 777 F. Supp. at 1005 (same). The dates, time, and place of the allegedly defamatory publication(s) must be specifically pled in a complaint for defamation. *Hoffman,* 777 F. Supp. at 1005. Moreover, the persons who allegedly published the defamatory material and the third parties to whom this material was allegedly published must be identified. *See, Hoffman,* 777 F. Supp. at 1005; *Ridgewell's Caterers v. Nelson,* 688 F. Supp. 760, 763 (D.D.C. 1988). Finally, the complaint must provide the exact language of the allegedly defamatory statement in order to permit the defendant to form responsive pleadings. *Hoffman,* 777 F. Supp. at 1005; *Ridgewell's,* 688 F. Supp. at 763.

Rather than meeting the required standard, Plaintiff alleges in conclusory fashion that three Children's employees met, and that DeAunte Lancaster[3] allegedly said something to the effect that Plaintiff had accused someone named Crystal Farrell of sending anonymous letters which threatened to kill her. (Compl. at ¶ 12). Plaintiff does not allege the time, place or context of the alleged statement, nor does she provide the verbatim language used, and she absolutely speculates that one of the three heard the statement. Plaintiff does not offer a verified complaint, affidavit or any other means—other than her own speculation—that such a statement was even made or that someone heard it.[4] On this basis alone, her Complaint must be dismissed. *See Wiggins,* 853 F. Supp. at 465; *see also Black v. National Football League Players Ass'n.,* 87 F. Supp. 2d 1, 6 (D.D.C. 2000)(dismissing defamation claim for failing to plead defamation with requisite specificity, stating that plaintiff presented no "factual allegations" that defamatory statements were actually made, let alone what they were or who heard them).

B.  **Plaintiff Was Not Defamed By The Alleged Statement.**

In a defamation action, it is first for the Court to determine whether the challenged statement is capable of bearing a particular meaning and whether that meaning is defamatory. *Fleming v. AT&T Inof. Servs.,* 878 F.2d 1472, 1475 (D.C. Cir. 1978). In order to be considered potentially defamatory, the statement "must be more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous or ridiculous." *Howard University v. Best,* 484 A.2d 958, 989 (D.C. Cir. 1984). "The average or common mind would naturally understand odious to mean arousing or deserving hatred or loathing; infamous as notorious or in disgrace of dishonor; and ridiculous as absurd or deserving ridicule." *Klayman v. Segal,* 783 A.2d 607, 612

---

[3] Plaintiff cannot on the one hand credibly allege that Ms. Lancaster defamed her, while on the other utilize Ms. Lancaster's letter of recommendation—dated the same day as the allegedly defamatory statement—to assert that she was a "model employee" and did not engage in the "inappropriate actions" which caused her employment to be terminated. Indeed, the letter of recommendation eliminates any possibility that any statement made by Ms. Lancaster possessed the requisite malice to overcome the privilege protecting any workplace statements she may have made regarding Ms. Stanley.

[4] Plaintiff cannot allege that one of the three informed her that the statement was made, as any such contention would obviously constitute inadmissible hearsay.

(D.C. 2001)(internal quotations and citations omitted). A statement is defamatory only "if it tends to injure the plaintiff in [her] trade, profession or community standing, or lower [her] in the estimation of the community." *Moss v. Stockard,* 580 A.2d 1011, 1023 (D.C. 1990). A plaintiff must provide the appropriate context in order to demonstrate that a statement is defamatory, an isolated statement cannot simply be pronounced defamatory or deemed capable of a defamatory meaning. *Moldea v. New York Times Co.,* 22 F.3d 310, 313-15 (1994).

The non-specific statement Plaintiff alleges in her Complaint is neither odious, infamous, or ridiculous, nor does it tend to injure Plaintiff in her trade or profession. Indeed, Plaintiff alleges that her employment was terminated for actions which appear to have nothing to do with the alleged statement. (Compl. at ¶¶ 13-14). Plaintiff does not and cannot provide any context or other information which would tend to indicate that the statement was defamatory or that she suffered any harm because of it—she merely alleges that a vague statement was made, and some unidentified individual heard the statement—nothing more.

Moreover, Plaintiff's own Complaint calls employees at Children's a "rough bunch of people," and <u>alleges that anonymous threats were in fact made against her</u>. (Compl. at ¶¶25-26). Truth is an absolute defense to defamation claims, *Olinger v. Am. Sav. & Loan Ass'n.,* 409 F.2d 142, 144 (D.C. Cir. 1929), and Plaintiff's concession that she did in fact receive anonymous threats necessarily defeats her claim. Plaintiff cannot allege that she was somehow defamed by a statement she contends in her Complaint is true.

Finally, Plaintiff does not provide any information whatsoever that would demonstrate that, assuming a statement was made and it could somehow be construed as defamatory, that Children's Hospital is in anyway responsible for such a statement. She has not alleged any facts that would impute liability to Children's.

In sum, Plaintiff has failed to allege sufficient information that would allow the Court to determine that the alleged statement could have somehow defamed her, or that liability for any such statement could be imputed to Children's, and she concedes that the alleged statement was in fact accurate. The Court should therefore dismiss Plaintiff's claim.

### C. Plaintiff Was Not Defrauded By A Letter Confirming The Termination Of Her Employment.

The essential elements of fraud are: (1) a false representation; (2) in reference to a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) action taken in reliance upon the representation. *Atraqchi v. GUMC Unified Billing Servs.*, 788 A.2d 559, 563 (D.C. 2002). Fraud must be particularly pleaded. *Virginia Academy of Clinical Psychologists v. Group Hospitalization and Medical Services, Inc.*, 878 A.2d 1226 (D.C. 2005).

Plaintiff contends that she was somehow defrauded because Children's "intentionally misrepresented the reasons why [she] was fired…and falsely accused [her]…of inappropriate actions when they had no proof what actually occurred." (Compl. at ¶¶ 30-31). Plaintiff's bare bones allegations obviously do not state a claim for fraud. Indeed, Plaintiff does not and cannot allege that she relied upon any statement by Children's Hospital to her detriment or took action based on any such statement, nor does she allege that Children's made any statement with an intent to deceive or that it knew any statement made to her was false. Instead, Plaintiff alleges only that she does not agree with the reasons she was given for the termination of her employment—nothing more. Plaintiff's fraud claim must be dismissed.

### D. Plaintiff Was Not Defamed By Routine Workplace Correspondence Shared Only With Those Who Had A Common Interest In Such Correspondence And She Concedes She Committed The Acts Children's Termed "Inappropriate."

The law is clear: Plaintiff must present a specific factual basis for every alleged defamatory statement—speculative or conclusory allegations are insufficient. *Wiggins v. Phillip Morris, Inc.*, 853 F. Supp. 458, 465 (D.D.C. 1994) ("[c]onclusory allegations are insufficient to state a claim" and "[a]ll averments of defamation must be plead with particularity"); *Hoffman v. Hill & Knowlton, Inc.*, 777 F. Supp. 1003, 1005 (D.D.C. 1991) (same). To prove a prima facie case of defamation, Plaintiff must show that "the statement in question was false, was defamatory, and was published with some degree of fault." *Washington v. State Farm Fire & Cas. Co.*, 629 A.2d 24, 26 (D.C. 1993). In addition, in cases like this one, where routine

employment communications are at issue, Plaintiff must also present sufficient evidence to overcome the defense of privilege. *See Altimont v. Chatelain,* 374 A.2d 284, 290 (D.C. 1977).

A qualified privilege shields communications between the publisher of a defamatory statement and the person who hears it, if, at the time the statement was made, the two individuals shared a common interest in a particular subject, and the communication was reasonably calculated to protect or further that interest. *Alade v. Borg-Warner Protective Services Corp.,* 28 F. Supp.2d 655, 656 (D.D.C. 1998); *Elliott v. Healthcare Corp.,* 629 A.2d 6, 9 (D.C. 1993). Whether a statement is privileged is a question of law for the court. *Altimont,* 374 A.2d at 290; *Alade,* 28 F. Supp.2d at 656.

Plaintiff contends that she was somehow defamed by a letter confirming that her employment had been terminated. (Compl. at unnumbered ¶ following ¶ 31).[5] The letter, a routine piece of correspondence sent only to those who had a need to know of the communication and a common interest in its subject matter—even assuming it could be construed as injuring Plaintiff in her trade or profession—is plainly privileged. The letter was written by Karen Myers, a Senior Human Resources Consultant, and was addressed only to Ms. Stanley. Further, the letter was copied only to Franklyn Baker, Ms. Stanley's supervisor at the time, and Mr. Baker's supervisor at the time, Greta Todd. All of these individuals plainly had an interest in the subject matter of the communication, *i.e.* confirmation of an employment termination, and the letter was plainly intended to further that interest. Plaintiff does not and cannot allege that this letter was drafted and sent to her with malice, a necessary requirement to

---

[5] Plaintiff also contends that she was defamed because "Defendants sent anonymously written threatening information to hospital administration about her...[and] that the information was threatening against her life." (Compl. at unnumbered ¶ following ¶ 31). Obviously, these sorts of vague allegations cannot substitute for a claim of defamation. Indeed, Plaintiff seems to be alleging that if an anonymous letter threatening her life was sent to Children's administration department, this somehow means Children's is liable for defamation. Plaintiff has not set forth the nature of any such communication, who authored it, how she was harmed by it and why Children's is liable for it. Moreover, she has utterly failed to explain how a letter threatening her life could defame her. Plaintiff's haphazard allegation on this point is emblematic of her entire Complaint and serves only to demonstrate the lengths she will go to attempt to advance her claim.

defeat the privilege. Further, Plaintiff has not demonstrated how any such letter, sent only to those Children's employees with an interest in the document, constitutes a "publication" to a third party.

Moreover, Plaintiff's Complaint concedes that the letter merely confirmed what she was allegedly told at a May 6, 2005 meeting, *i.e.*, that she had violated confidentiality rules by visiting Children's employees at the Washington Hospital Center. (Compl. at ¶¶ 14-15). Plaintiff goes on to concede that she did in fact make the visits which Children's allegedly described as "inappropriate." (Compl. at ¶ 15). In other words, Plaintiff admits she made the visits, she merely disagrees with whether any such visits were "inappropriate." Plaintiff cannot hope to base a defamation claim on something so thin—her disagreement with Children's characterization of the actions she admits she engaged in. At essence, Plaintiff simply disagrees with the reasons given for the termination of her employment, nothing more. And such disagreement cannot substitute for an actual defamatory statement. Plaintiff's slander claim must be dismissed.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that the Court award it such other further relief as it deems appropriate.

                Respectfully submitted,

                THE CHILDREN'S NATIONAL MEDICAL CENTER

                /s/ Raymond C. Baldwin
                Raymond C. Baldwin #461514

                SEYFARTH SHAW
                815 Connecticut Avenue, N.W.
                Suite 500
                Washington, D.C. 20006-4004
                (202) 463-2400

                Attorneys for Defendants

Date: October 5, 2005

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Motion to Dismiss with Memorandum of Points and Authorities in Support thereof was served electronically, and by first-class U.S. mail, postage prepaid, this 5th day of October 2005, upon:

>Michael J. Beattie, Esq.
>9502B Lee Highway
>Fairfax, Virginia 22031
>
>Attorney for Plaintiff

>/s/ Raymond C. Baldwin
>Raymond Baldwin

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Motion to Dismiss with Memorandum of Points and Authorities in Support thereof was served electronically, and by first-class U.S. mail, postage prepaid, this 5th day of October 2005, upon:

>Michael J. Beattie, Esq.
>9502B Lee Highway
>Fairfax, Virginia 22031
>
>Attorney for Plaintiff

>　　　　　　/s/ Raymond C. Baldwin
>　　　　　　Raymond Baldwin

DC1 30153700.1