IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN STANLEY                           )  | |
|                                         )  | |
|         Plaintiff,                      )  | |
|                                         )  | |
|         v.                              )  | Case No.: 1:05cv1471 (HHK) |
|                                         )  | |
| CHILDREN'S NATIONAL MEDICAL CENTER  )    | |
|                                         )  | |
|         Defendant.                      )  | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Karen Stanley (Plaintiff), by counsel, submits her opposition to defendant's Motion to Dismiss.

**I. Standard of Review**

Defendant correctly states that in reviewing a motion to dismiss under Rule 12(b)(6), the court must assume that the facts alleged by the plaintiff are true, drawing all reasonable inferences in plaintiff's favor. *Doe v. United States Department of Justice*, 753 F.2d 1092 ( D.C. Cir. 1985) ("When a motion to dismiss a complaint is made, … the clear and long-accepted meaning [of Rules 54(c) and 12] is that a complaint should not be dismissed for legal insufficiency except where there is failure to state a claim on which some relief, not limited by the request in the complaint, can be granted.").

## II. Defamation

Although defendant contends that "it is axiomatic that a 'heightened pleading standard' applies to actions for defamation," this court has clearly held to the contrary. *Messina v. Fontana*, 260 F. Supp. 2d 173 (D.D.C. 2003) ("heightened pleading standards do not apply in defamation actions."). Further, the U.S. Supreme Court has limited F.R.C.P. 9 to fraud cases. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993). Thus, the heightened pleading standard does not apply to plaintiff's defamation claim as defendant asserts in its Motion to Dismiss. See *Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 215 n.2 (D.C. Cir. 1999), in which the court held that a defamation complaint "must allege the elements of the cause of action; the Federal Rules of Civil Procedure impose no special pleading requirements for defamation as they do for a specified list of other matters." Accordingly, notice pleading is appropriate here.

Plaintiff's Complaint satisfies the requirements of notice pleading, as it alleges the elements of a cause of action for defamation: (1) a false and defamatory statement; (2) published without privilege to a third party; (3) involving some fault of the speaker; (4) that caused the plaintiff special harm. *Messina v. Fontana, supra*. It alleged that defendant's employee Deaunte Lancaster met with Gretta Todd and Franklyn Baker based on fraudulent information and that defendant falsely accused plaintiff of "inappropriate actions," including making threats to another employee. The Complaint alleges that this defamatory accusation was published without privilege to several employees. The Complaint also adequately alleges that defendant was at fault in doing so, as (1) it did not investigate the allegations of "inappropriate actions" against

plaintiff before publishing them, and (2) its accusation of "inappropriate actions" was a pretext for firing her because defendant did not want plaintiff around anymore. Finally, the Complaint sufficiently alleges special harm to the plaintiff, who lost her job and whose reputation and prospects for future employment were unfairly harmed by the defamatory statements. Accordingly, plaintiff has more than adequately pleaded a cause of action for defamation.

Even if a heightened pleading standard were applied here under *Hoffman v. Hill & Knowlton, Inc.* 777 F. Supp. 1003, 1005 (D.D.C. 1991) as defendant asserts it should be, plaintiff's complaint is sufficiently specific to survive the motion to dismiss. Plaintiff's complaint specified the defamatory statements on which she based her complaint, identified the nature of the defamation and to whom it was published, and alleged that these communications were libelous *per se*.

Defendant's assertion that the plaintiff was not defamed by the statements alleged in the Complaint is an inappropriate issue for resolution on a 12(b)(6) motion to dismiss. Assuming all the facts in the Complaint are true and drawing all reasonable inferences in plaintiff's favor, plaintiff has stated a claim on which relief can be granted.

**III. Intentional Misrepresentation**

Defendant's assertion that the plaintiff was not defrauded by the letter alleged in the Complaint is also an inappropriate issue for resolution on a 12(b)(6) motion to dismiss. Trial is the appropriate forum for plaintiff to prove her allegations; she need not do so in her Complaint.

F.R.C.P. 8 requires plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and plaintiff has done so by alleging the elements of fraud by intentional misrepresentation: (1) a false representation of material fact; (2) defendant's knowledge of its falsity; (3) intent to induce reliance; and (4) justifiable reliance by plaintiff. Further, plaintiff has stated the circumstances of the fraud by intentional misrepresentation as required by F.R.C.P. 9. Several circuits that have examined the issue have held that the purpose of F.R.C.P. 9's requirement that plaintiff state the circumstances with particularity in an action for fraud is to put the defendant properly on notice. See *Koch v. Koch Indus., Inc.*, 203 F.3d 1202 (10th Cir. 2002), *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000). "Circumstances" means time, place, and contents of the false representation, identity of the defrauder, and "what he obtained thereby." (See *Koch*, supra, at 1236). Plaintiff's Complaint alleges these elements with enough specificity to survive dismissal.

**IV. Conclusion**

Defendant's Motion to Dismiss and supporting memorandum do not meet the requirements of dismissal for failure to state a claim under the Federal Rules of Civil Procedure or the Local Rules of this court. The plaintiff respectfully requests that the court deny the motion.

Respectfully Submitted,

Karen Stanley

By Counsel

Michael J. Beattie
9502B Lee Highway
Fairfax, VA 22031
(703) 267-5784

Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true copy of this Opposition to Defendant's Motion to Dismiss was served by first class mail, postage prepaid, this ___ day of _____, 2005, upon:

Raymond C. Baldwin
Seyfarth Shaw
815 Connecticut Ave., NW
Ste. 500
Washington, DC 20006

Attorney for Defendants

_____

Michael J. Beattie, Esq.