IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN STANLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:05CV01471 (HHK) |
| ) | |
| CHILDREN'S NATIONAL MEDICAL ) | |
| CENTER ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Children's National Medical Center ("Children's")[1], by undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits its Reply to Plaintiff's Opposition to its Motion to Dismiss.

## I.   INTRODUCTION

Plaintiff's Opposition is untimely and the Court should therefore treat Defendant's Motion to Dismiss as unopposed and dismiss Plaintiff's Complaint. Plaintiff did not seek leave of the Court for her late filing nor even attempt to explain why her Opposition was filed after the deadline established by the Local Rules. Defendant's Motion to Dismiss should be treated as conceded and Plaintiff's Complaint should be dismissed.

Plaintiff's Opposition, even assuming it were timely filed, serves only to establish that she cannot set forth legally cognizable claims of defamation or fraud. Plaintiff makes just three arguments attempting to prevent dismissal: (1) Plaintiff claims that she is not required to plead defamation with specificity and that her Complaint satisfies notice pleading requirements; (2)

---

[1] Children's National Medical Center is not a proper party to this lawsuit. Plaintiff's former employer, and the employer of the other individuals identified in her Complaint is Children's Hospital, a separate legal entity.

- 1 -

Plaintiff contends that the Court may not, as a matter of law, determine whether the statements she alleges were made were defamatory; and (3) Plaintiff asserts that she has plead her fraud claim with sufficient specificity to survive dismissal.

Additionally, Plaintiff does not address and therefore concedes Defendant's arguments that her slander claim must fail because she does not and cannot allege sufficient facts that would allow the letter she received confirming the termination of her employment to be construed as somehow defamatory.  She concedes that this routine workplace correspondence was shared only with those who had a common interest in such correspondence and she concedes that she committed the acts that Children's termed "inappropriate."  Plaintiff's slander claim should therefore be dismissed.

Defendant will address each of the three arguments Plaintiff does make, seriatim.

## II.   ARGUMENT

### A.   Plaintiff's Opposition Is Untimely And Defendant's Motion To Dismiss Should Be Treated As Conceded.

Defendant filed its Motion to Dismiss on October 5, 2005.  [Docket #5].  Plaintiff's Opposition was therefore due on October 19, 2005.  Local Rule 7.1(b); Fed. R. Civ. P. 6(a)(e).  Plaintiff waited, however, until October 24, 2005 to file her Opposition [Docket #6] and it is therefore untimely.  *Id.*  Plaintiff did not request the Court's permission for the late filing, nor did she attempt to explain its tardiness—or even acknowledge that it was late.  Because Plaintiff's Opposition was untimely, Defendant's Motion to Dismiss should be treated as conceded and Plaintiff's Complaint should be dismissed.  Local Rule 7.1(b).

### B.   Plaintiff's Complaint Does Not Satisfy Notice Or Heightened Standards of Pleading.

Plaintiff's Complaint is largely incomprehensible and fails to satisfy any standard of pleading.  Plaintiff has not set forth verbatim the allegedly defamatory statements she contends were made, nor has she set forth when they were made, who heard them, how she was harmed by

them or why they are not privileged. Rather than attempting to make clear the nature of her claim, in her Opposition, Plaintiff argues that a heightened standard of pleading does not apply to defamation claims. She does not, however, distinguish or refute the ample authority for the contrary proposition as set forth in Defendant's Opposition. Moreover, she makes no argument that defamation claims require, need or are best served by notice pleading requirements, or that heightened pleading standards would somehow place plaintiffs bringing such claims at a disadvantage. Indeed, Plaintiff's own Complaint perhaps stands as the best argument as to why a heightened pleading standard should be imposed in cases like this; so that petty perceived workplace slights do not force litigants and the Court to waste valuable time and resources dealing with such actions. Plaintiff's defamation claim does not meet the heightened pleading requirements for such claims and should therefore be dismissed. *Wiggins v. Phillip Morris, Inc.,* 853 F. Supp. 458, 465 (D.D.C. 1994) ("[c]onclusory allegations are insufficient to state a claim" and "[a]ll averments of defamation must be pled with particularity").

Even if the Court were only to require Plaintiff to meet notice pleading requirements, her claim must still be dismissed because she has not adequately placed Defendant on notice of her claims. In her Complaint, Plaintiff alleged that on May 3, 2005, DeAunte Lancaster, Greta Todd and Franklyn Baker met. (Compl. at ¶ 12). At this meeting, DeAunte Lancaster allegedly said that Plaintiff "went to Washington Hospital Center and accused Crystal Farrell of sending anonymous letters and threatening to kill plaintiff."[2] (Compl. at ¶ 12). Plaintiff offered no information as to who allegedly heard this statement or how it harmed her, or that is was said with the requisite malice to overcome the privilege accorded common workplace communications.

Rather than demonstrating that the foregoing alleged communication sufficiently plead a claim of defamation, in her Opposition, Plaintiff attempts to read language into her Complaint that does not exist and, as matter of fact, changes the nature of the allegations. In her

---

[2] Plaintiff provides no indication or explanation how such a statement, even assuming it were made, is defamatory. As a matter of fact, Plaintiff concedes that she did accuse Children's employees of making such threats. (Pl. Compl. at ¶¶ 24-25).

Opposition, Plaintiff now contends that her Complaint asserts that "Deaunte Lancaster met with Greta Todd and Franklyn Baker based on fraudulent information and that defendant falsely accused plaintiff of 'inappropriate actions,' including making threats to another employee." (Pl. Opp. at 2).[3] As set forth above, Plaintiff's Complaint makes no such allegation.[4] Plaintiff's Complaint does not and cannot allege that Defendant accused Plaintiff of making threats to another employee. Further, Plaintiff contends in her Opposition that her Complaint alleges that Children's is somehow liable for any such statement because it allegedly did not investigate allegations of inappropriate actions, that any such allegations were a pretext for firing Plaintiff, and that she lost her job because of the unspecified allegations. Of course, Plaintiff's Complaint asserts none of these things. Instead, it alleges that Plaintiff went to the Washington Hospital Center to visit sick CNMC employees and that this was "violating the breach of confidentiality."[5] (Pl. Compl. at ¶ 14).

Plaintiff's Complaint fails to meet either heightened or notice pleading requirements and should therefore be dismissed.

    **C.**    **The Court May Determine Whether Plaintiff's Allegations, If True, Constitute Defamation.**

In her Opposition, without reference to a single case or other citation, Plaintiff contends that it is "inappropriate" for this Court to determine at this stage whether the alleged statements she claims were made could be defamatory. (Pl. Opp. at 3). Plaintiff's claim constitutes its own refutation. If a Plaintiff were to allege that she were defamed by being called a "model employee" for example, a court would be bound under Rule 12(b)(6) to dismiss such a claim. This case is no different. *Fleming v. AT&T Inof. Servs.,* 878 F.2d 1472, 1475 (D.C. Cir. 1978)(it

---

[3] Plaintiff's Opposition offers no citations to her Complaint.

[4] Even if this were the allegation contained in Plaintiff's Complaint, it would be insufficient to state a claim for defamation, as at best Plaintiff would be vaguely contending that some unidentified individual at some unidentified time made some non-specific statement heard by some unidentified individuals.

[5] This statement is a non sequitor and cannot be used to support claims for defamation and fraud, or anything else for that matter.

is first for the Court to determine whether the challenged statement is capable of bearing a particular meaning and whether that meaning is defamatory); *see also Black v. National Football League Players Association,* 87 F. Supp. 2d 1, (D.D.C. 2000) (requiring heightened pleading requirements and dismissing defamation claim because "no reasonable juror could determine that 'no comment' is defamatory.").

Plaintiff contends that she was defamed when a Children's employee said that she accused another Children's employee of making threats against her.  (Pl. Compl. at ¶ 12).  Even assuming Plaintiff had offered the Court some context or explanation that would allow such a statement to be construed as defamatory—which she most assuredly has not—Plaintiff has conceded the truth of the alleged statement and it cannot therefore be considered defamatory. *Olinger v. Am. Sav. & Loan Ass'n.,* 409 F.2d 142, 144 (D.C. Cir. 1929) (truth is an absolute defense to defamation claim).  Plaintiff's Complaint plainly alleges that one or more of Defendant's employees "made threatening calls to her home" and that Defendant has "police reports on file detailing anonymous threats filed against her by Defendant employees."  (Pl. Compl. at ¶¶24-25).  Plaintiff cannot have been defamed by the very thing which she alleges in her Complaint to be true.

Even if Plaintiff had not conceded the truth of the allegedly defamatory statement, which she undoubtedly has, this Court should still reject her claim.  A statement is defamatory only "if it tends to injure the plaintiff in [her] trade, profession or community standing, or lower [her] in the estimation of the community." *Moss v. Stockard,* 580 A.2d 1011, 1023 (D.C. 1990).  A plaintiff must provide the appropriate context in order to demonstrate that a statement is defamatory, and an isolated statement cannot simply be pronounced defamatory or deemed capable of a defamatory meaning. *Moldea v. New York Times Co.,* 22 F.3d 310, 313-15 (1994).  The non-specific statement Plaintiff alleges in her Complaint is neither odious, infamous, or ridiculous, nor does it tend to injure Plaintiff in her trade or profession.  Indeed, Plaintiff alleges that her employment was terminated for actions which appear to have nothing to do with the alleged statement. (Compl. at ¶¶ 13-14).  Plaintiff does not and cannot provide any context or

other information which would tend to indicate that the statement was defamatory or that she suffered any harm because of it—she merely alleges that a vague statement was made, and some unidentified individual heard the statement—nothing more.

In her Opposition, Plaintiff contends that her Complaint alleges that Plaintiff was harmed by the allegedly defamatory statement because "she lost her job" and her "reputation and prospects for future employment were unfairly harmed" by the statement. (Pl. Opp. at 3). Plaintiff's Complaint, again, makes no such allegation. Indeed, it alleges that she lost her job for something very different than accusing others of threatening her—it alleges that she lost her job for "[v]iolating the breach of confidentiality by going to see several patient employees, infirmed at the Washington Hospital Center, that were on final notice, at Children's National Medical Center." (Pl. Compl. at ¶¶ 13-14).

A court may reject a defamation claim, like the one brought by Plaintiff, at any stage in litigation where it is clear that it fails to set forth a claim upon which relief may be granted. The Court should reject Plaintiff's defamation claim because she has conceded the truth of the allegedly defamatory statements, she has provided no information from which the alleged statements could be construed to be defamatory, and she has not and cannot allege that she was harmed by the alleged statement. Plaintiff's defamation claim should be dismissed.

### D.   Plaintiff Has Not And Cannot Set Forth The Required Elements To State A Claim Of Fraud.

In her Opposition, Plaintiff concedes that in order for her fraud claim to survive, she must set forth each of the required elements. (Pl. Opp. at 4). Her Complaint alleges that she was somehow defrauded by the letter she received confirming the termination of her employment, because it states that she lost her job due to "inappropriate actions." (Pl. Compl. at ¶ 31). Plaintiff has not and cannot allege that Defendant intended that she rely on any such statement to her detriment or that she did in fact rely on any such statement to her detriment. Indeed, it is hard to imagine how such a statement could ever be construed as intending to induce reliance or forbearance and did in fact induce reliance or forbearance. It is simply not the type of statement

- 7 -

that could somehow be construed to support a claim for fraud.  Absent the basic predicate elements, Plaintiff's fraud claim must be dismissed.  *Atraqchi v. GUMC Unified Billing Servs.*, 788 A.2d 559, 563 (D.C. 2002) (essential elements of fraud are: (1) a false representation; (2) in reference to a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) action taken in reliance upon the representation).

WHEREFORE, for the foregoing reasons, and those more fully set forth in Defendant's Motion to Dismiss, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that the Court award it such other further relief as it deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | THE CHILDREN'S NATIONAL MEDICAL CENTER |
|  |  |
|  | /s/ Raymond C. Baldwin |
|  | Raymond C. Baldwin #461514 |
|  |  |
|  | SEYFARTH SHAW |
|  | 815 Connecticut Avenue, N.W. |
|  | Suite 500 |
|  | Washington, D.C. 20006-4004 |
|  | (202) 463-2400 |
|  |  |
|  | Attorneys for Defendants |
| Date: October 31, 2005 |  |

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss was served electronically this 31st day of October 2005, upon:

>Michael J. Beattie, Esq.
>9502B Lee Highway
>Fairfax, Virginia 22031
>
>Attorney for Plaintiff

      /s/ Raymond C. Baldwin
         Raymond Baldwin