UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN STANLEY,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHILDREN'S NATIONAL MEDICAL CENTER,<br><br>　　　　　　Defendant. | Civil Action 05-01471 (HHK) |

**O R D E R**

Before the court is defendant's motion to dismiss (Dkt. # 5). Upon consideration of the motion and the opposition thereto,[1] the court concludes that the motion should be granted in part.

Defendant seeks to have plaintiff's complaint dismissed on several grounds but the gravamen of its motion is that plaintiff failed to plead sufficiently her causes of action. Insofar as plaintiff's defamation claims are concerned, Count I, "Common Law Defamation of Character" and Count III, "Common Law Libel Per Se," the motion is denied because there is no heightened pleading requirement for claims of defamation. *Croixland Props. Ltd. v. Corcoran*, 174 F.3d 213, 215 n.2 (D.C. Cir. 1999) ("[A]s with any pleading, Croixland's complaint must allege the elements of the cause of action; the Federal Rules of Civil Procedure impose no special pleading requirements for defamation as they do for a specified list of other matters.") (citing Fed. R. Civ.

---

[1] In its reply to Plaintiff's opposition, defendant observes that plaintiff's opposition was filed out of time and seeks to have its motion treated as unopposed. The court declines to treat the motion as unopposed as the court prefers to resolve disputes on their merits. Plaintiff is warned, however, that future noncompliance with any rule or order of this court could very well result in a dismissal of her claims. In this regard, the record will reflect that defendant's motion to dismiss was scheduled for a hearing on November 28, 2005, at 10:00 A.M. Plaintiff's counsel failed to appear for the hearing.

P. 9(a)). Defendant's arguments to the contrary are without merit. With respect to Count II, "Intentional Misrepresentation," however, this count charges fraud which must be pleaded with particularity. Fed. R. Civ. P. 9. Plaintiff's complaint fails to do so. Therefore, plaintiff's motion to dismiss shall be granted with respect to Count II.

While the court denies defendant's motion to dismiss plaintiff's claims of defamation, the court shares defendant's frustration with being faced with a nearly incomprehensible complaint. As drafted, the complaint is fraught with grammatical errors which operate to confuse the reader regarding its assertions and, at times, even fails to identify the person or entities against whom it complains. For example, the complaint is brought against the National Children's Medical Center, one entity. Throughout the complaint, however, plaintiff makes reference to *defendants* without explanation.

Another example of the complaint's obfuscatory language is found in plaintiff's recitation on page three, paragraph twelve. Here, plaintiff references a meeting between a Deaunte Lancaster, Gretta Todd, and Franklyn Baker, that was "based on fraudulent information noted here: Plaintiff, went to Washington Hospital Center and accused Crystal Farrell of sending the anonymous letters and threatening to kill plaintiff: Plaintiff insists that this conversation never happened . . . ." The court simply does not understand what plaintiff is trying to communicate through this passage.

Fed. R. Civ. P. 8(a) requires a short and *plain* statement of a plaintiff's allegations. Plaintiff's inartfully drafted and ungrammatical claims render her complaint anything but plain.

Accordingly, it is this 28th day of November, 2005, hereby

**ORDERED** that defendant's motion to dismiss (Dkt. # 5) is **DENIED**, to the extent that it seeks dismissal of Counts I and III, and it is further

**ORDERED** that defendant's motion to dismiss plaintiff's claim for fraud (Count II) is **GRANTED,** and it is further

**ORDERED** that by December 12, 2005, plaintiff shall file an amended complaint which shall clearly and plainly set forth her claims of defamation.

>Henry H. Kennedy, Jr.
>United States District Judge