IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Karen Stanley<br>7907 Barclay Place<br>White Plains, Maryland 20695<br><br>　　　Plaintiff,<br><br>v.<br><br><br>Children's National Medical Center<br>111 Michigan Avenue, NW<br>Washington, DC 20010-2970<br><br><br>　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. #: **1:05cv1471**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

Plaintiff, Ms. Karen Stanley, by her undersigned attorney, submits this Amended Complaint in compliance to the Court's order of November 28th, 2005. Plaintiff brings this action in the United States District Court for the District of Columbia, based upon 28 U.S.C. § 1332, diversity of citizenship jurisdiction, using District of Columbia state law, and alleges as follows:

1. Plaintiff brings this action alleging, common law defamation of character, intentional misrepresentation, common law libel *per se*.

2. Plaintiff is suing Defendant, Children's National Medical Center, incorporating their respective employees, based upon *respondeat superior*, vicarious agent liability.

### Jurisdiction and Venue

3.  This court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship jurisdiction.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

4.  Further, the Plaintiff, Karen Stanley, is a resident of the state of Maryland, and Defendant Children's Hospital, is a public institution located in Washington, D.C. and does not operate in the state of Maryland.

5.  Venue is in the United States District Court for the District of Columbia and is proper under 28 U.S.C. § 1391.

## Parties

6.  Plaintiff, Karen Stanley, registered nurse, was an Acting Care Coordination Manager in the D.C. Kids department at Children's National Medical Center.  At the time of her termination she had worked there for about nine years.

7.  Plaintiff is a resident of the state of Maryland and resides at 7907 Barclay Place, White Plains, Maryland 20695.  Plaintiff's duties included supervision, coordination of activities, problem solving, multi-tasking, and the education and training of patients and staff.  Plaintiff also directly supervised the daily activities of the call canter and developed and implemented policies and procedures.

8.  Defendant Children's National Medical Center is a public hospital that employs doctors, nurses, and support staff.  It is located in Washington, D.C., at 111 Michigan Avenue NW, Washington, D.C. 20010-2970.

## Facts

The facts giving rise to this cause of action are as follows:

9. Plaintiff , an Acting Care Coordination Manager at Children's National Medical Center, (hereinafter CNMC), placed an application to be promoted internally to the position of Clinical Coordination Manager.

10. On April 27, 2005, Defendant wrote to Plaintiff that the position of Clinical Coordination Manager, which Plaintiff, previously for, as a promotional job change, was eliminated.

11.  On May 2, 2005 plaintiff went to visit three CNMC employees in the hospital, including Crystal Farrell.

12. On May 3, 2005, Deaunte Lancaster, a CNMC employee, met with Gretta Todd and Franklyn Baker, other CNMC employees, based on Ms. Lancaster's false allegation that Plaintiff went to Washington Hospital Center and accused fellow employee Crystal Farrell of sending the anonymous letters and threatening to kill plaintiff.

13.  Plaintiff insists that she never accused Ms. Farrell of sending anonymous letters and threatening to kill Plaintiff, and thus that the allegation described in paragraph 12 is false.

14.  The allegations stated by Ms. Lancaster were believed by the other parties. Without investigation as to the validity of the statements, a meeting was initiated to include the Head of Security, Human Resources representative Karen Myers, Greta Todd, Franklyn Baker, and Mary Allen-Rochester, who were instructed to wait to be called into a meeting scheduled for May 4, 2005.

15. On May 6, 2005, Plaintiff and Defendant had a meeting, in which Defendant stated that as a result of Plaintiff's "inappropriate actions," Plaintiff's employment as Acting Care Manager with Children's National Medical Center was terminated effective May 6, 2005.  The "inappropriate action" referenced was visiting Crystal Farrell in the hospital.  Defendant stated that because Ms. Farrell was on Final Notice disciplinary status with the hospital, the visit from Plaintiff was a "breach of security."  A follow-up letter was written to Plaintiff soon thereafter.

16. Plaintiff contends that the employees she visited, one of whom was Crystal Farrell, were subordinates and friend of hers, whom she previously supervised at the hospital, and that she was genuinely concerned about their welfare, as they were admitted to the hospital for serious medical conditions.

17. Plaintiff has asserted that most of the employees supervised by Plaintiff were under some type of disciplinary notice.

18.  Plaintiff contends that in her nine years of employment at CNMC, she has never heard of a policy against visiting employees who are under disciplinary notice.

19.  Plaintiff further contends that on one of her visits to an employee who was under disciplinary notice, Karema Daley, Plaintiff was accompanied by a Manager, Deaunte Lancaster, who said nothing about any policy against visiting employees who are under disciplinary notice.

20. Plaintiff attests that in her nine years of employment at CNMC, she has never heard of the "inappropriate actions" of which she was accused of by Defendant.

21.  Additionally, Plaintiff was a model employee, she has never been written up or in trouble, and was recently highly recommended by several members of CNMC faculty by written letters. *See exhibits 1, 2, and 3, attached to original Complaint*.

22. Plaintiff states she was fired for a fictitious reason, and that the real reason for her termination was that the faculty Director, Franklyn Baker, simply did not want Plaintiff around anymore.  Accordingly, Defendant fabricated a false accusation against her, thus defaming her.

23. On Friday, June 10, 2005. The Employee Complaint Review Committee met with Ms. Stanley to resolve her conflicting employment disputes.

24. In a follow-up letter to the June 10th meeting, dated June 17, 2005, Defendant wrote that Plaintiff's reason for termination of employment was "position elimination."  Defendant further wrote that the previous letter dated May 9, 2005, stating that the reason for termination of Plaintiff's position was "inappropriate actions," would be removed from the file.

25. Plaintiff asserts that the promotional position she applied for was eliminated but that she should not have lost her current position at the hospital as Acting Care Coordination Manager.

26. Plaintiff contends that she did nothing wrong and that she was falsely accused and defamed by Defendant.

27. Defendant's final letter to Plaintiff dated May 9, 2005, evidences that Plaintiff did nothing wrong.

28. Plaintiff asserts that CNMC employees, once or twice in the evening, made harassing and threatening calls to her home by calling, breathing heavily and not speaking.

29. Plaintiff attests to the fact that the employees she worked with at Children's National Medical Center were a "rough bunch" of people.

30. Plaintiff further asserts that Defendant has police reports on file detailing anonymous threats filed against her by Defendant's employees, and they are on file at the police station.

31. Defendant's actions caused Plaintiff severe emotional distress. Plaintiff was not eating or sleeping, and was suicidal.  Plaintiff went to see a physician, Dr. Daeh Jallah, as a walk-in patient. Plaintiff was  prescribed 7 days off, from 5-6-05 to 5-13-05 and then again 5-13-05 to 5-24-05, and instructed to take antidepressant medication.

## COUNT I-COMMON LAW DEFAMATION OF CHARACTER

Plaintiff incorporates paragraphs 1-31 above

32. To satisfy a prima facie case for common law defamation, the statement by the defendant must be defamatory, adversely affecting one's reputation, of or concerning the plaintiff in the view of a reasonable listener, and published, meaning intentionally or negligently communicated to a third person.

33.  Defendant's agent Deaunte Lancaster met with Gretta Todd and Franklyn Baker, based on a false accusation.  At that meeting, it was stated that Plaintiff went to Washington Hospital Center and accused Crystal Farrell, a CNMC employee on final notice, of sending the anonymous letters and threatening to kill Plaintiff.

34.  Plaintiff insists that this conversation never happened, thus that Ms. Lancaster's statement was false.

35. The accusation adversely affected Plaintiff's reputation.

36. The accusation was explicitly "of and concerning" the Plaintiff.

37. The accusation was published to Gretta Todd and Franklyn Baker.

A. Slander

Plaintiff incorporates paragraphs 1-37 above

38. Defendant will be liable for slander under common law defamation of character if Plaintiff shows special damages. Plaintiff was terminated from employment at CNMC because of the "inappropriate actions" of which she was accused.

39. Plaintiff suffered damages including documented medical conditions as a result of the distress she endured due to the accusations and her resulting termination.

## COUNT II-INTENTIONAL MISREPRESENTATION

This count was dismissed by the Court in its order of November 28, 2005.

## COUNT III-COMMON LAW LIBEL PER SE

Plaintiff incorporates paragraphs 1-39 above and further states as follows;

40. Plaintiff can make a case for libel, which is the written or printed publication of defamatory language. Plaintiff does not need to prove special damages and general damages are presumed.

41. Plaintiff contends that Defendant sent anonymously-written threatening information to hospital administration about her, the details of which Defendant has on file. Defendant has neglected to send the file copies of this to Plaintiff despite her repeated requests.

42. Karen Myers, an administration employee, stated to Plaintiff that the written information about her was very bad and that plaintiff "should be very cautious and watch [her] back". Additionally, Plaintiff was told that the information was threatening against her life.

43. In the letter dated May 9, 2005, Defendant directly wrote to Plaintiff that "as a result of your inappropriate actions" her employment with Children's National Medical Center was terminated effective May 6, 2005. This letter was cc'ed to Franklyn Baker, and Greta Todd, other employees at CNMC. *See exhibit 4, attached to original Complaint.*

**WHEREFORE, Plaintiff prays**

1. That the Defendant be found guilty by a preponderance of the evidence of defamation of Plaintiff's character,and libel per se.

2. That Defendant provide Plaintiff with copies of the anonymous threatening information sent to administration concerning Plaintiff;

3. That the court declare that Defendant's refusal to disclose information and documents requested by plaintiff is unlawful;

4. That Plaintiff be awarded attorney's fees and costs of bringing this suit;

5. That Plaintiff be awarded compensatory and punitive damages, as well as lost wages; and

6. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Karen Stanley, by counsel:

_____
Michael J. Beattie
9502B Lee Highway
Fairfax, VA 22031
Phone: 703-267-5784
Fax: 703-385-0074

Attorney for Plaintiff