## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAREN STANLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:05CV01471 (HHK) |
| | ) | |
| CHILDREN'S NATIONAL MEDICAL | ) | |
| CENTER | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS

Children's National Medical Center ("Children's"), by undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss.

## I.    INTRODUCTION

By Order of November 28, 2005, this Court granted in part and denied in part Children's initial Motion to Dismiss and, because Plaintiff's defamation claim was largely indecipherable, directed Plaintiff to file an amended complaint which was to "clearly and plainly" set forth her defamation claims.  In response, Plaintiff filed an Amended Complaint which is only marginally more clear than her initial pleading and, more importantly, fails to correct the fundamental failings which warranted dismissal of her defamation claims in the first instance and compels dismissal now, *i.e.,* that Plaintiff concedes the truth of the alleged defamatory statement, she cannot allege the requisite facts necessary to overcome the privilege protecting the alleged statement as well as the letter which merely confirmed the termination of her employment—and she cannot maintain a claim of libel *per se*, because she was not accused of a criminal offense. Accordingly, Children's respectfully requests that this Court dismiss Plaintiff's Amended Complaint.

- 1 -

## II.    SUMMARY OF FACTS[1]

Plaintiff was employed at Children's as an Acting Care Coordination Manager. (Amend. Compl. at ¶ 6). During Plaintiff's employment, Children's employees made threatening phone calls to her, and CNMC has "police reports on file detailing anonymous threats filed against her by CNMC employees." (Amend. Compl. at ¶ 30). According to Plaintiff, CNMC employees are a "'rough bunch' of people" and made "very bad" threats against Plaintiff such that she needed to be "very cautious and watch her back." (Amend. Compl. at ¶¶ 29, 42). Indeed, the information "was threatening against her life." (Amend. Compl. at ¶ 42).

At some point, Plaintiff visited Crystal Farrell, another Children's employee, at the Washington Hospital Center. Ms. Farrell was on "Final Notice disciplinary status" with Children's. (Amend. Compl. at ¶¶ 15,16).

"On May 3, 2005, DeAunte Lancaster, a CNMC employee, met with Gretta Todd and Franklyn Baker, other CNMC employees, based on Ms. Lancaster's false allegation that Plaintiff went to Washington Hospital Center and accused fellow employee Crystal Farrell of sending anonymous letters and threatening to kill plaintiff." (Amend. Compl. at ¶ 12). However, in a letter of recommendation also dated May 3, 2005, Ms. Lancaster stated that Ms. Stanley's "leadership, ability to handle conflict, initiative, energy and self-confidence has been an inspiration to me and the entire department." (Compl. Exh. 3).

On May 6, 2005, Plaintiff's employment was terminated due to her "inappropriate actions." (Amend. Compl. at ¶ 14). "The inappropriate action referenced was visiting Crystal Farrell in the hospital." (Amend. Compl. at ¶15). "A follow up letter was written to Plaintiff soon thereafter." (Amend. Compl. at ¶ 15). This letter stated that "as a result of your

---

[1] Children's assumes the truth of the facts as set forth in Plaintiff's Amended Complaint for purposes of this Motion only.

inappropriate actions" Plaintiff's employment with Children's was terminated.  (Amend. Compl. at ¶ 43); (Compl. Exh. 4).

## III.    ARGUMENT

### A.    Plaintiff Was Not Defamed By The Alleged Statement.

 "A plaintiff bringing a defamation action . . . must show: (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001).  In order to be considered potentially defamatory, the statement "must be more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous or ridiculous." *Howard University v. Best,* 484 A.2d 958, 989 (D.C. Cir. 1984).  "The average or common mind would naturally understand odious to mean arousing or deserving hatred or loathing; infamous as notorious or in disgrace of dishonor; and ridiculous as absurd or deserving ridicule." *Klayman v. Segal,* 783 A.2d 607, 612 (D.C. 2001)(internal quotations and citations omitted).

**Plaintiff Cannot Be Defamed By That Which She Alleges Is True.**  In her Amended Complaint, Plaintiff contends that she was defamed when a Children's employee said that she accused another Children's employee of making threats against her.  (Pl. Amend. Compl. at ¶ 33).  Plaintiff concedes, however, the truth of this alleged statement and it cannot therefore be considered defamatory.  *Olinger v. Am. Sav. & Loan Ass'n.,* 409 F.2d 142, 144 (D.C. Cir. 1929) (truth is an absolute defense to defamation claim).  Plaintiff's Amended Complaint alleges that one or more of Defendant's employees "made threatening calls to her home," that Defendant has "police reports on file detailing anonymous threats filed against her by Defendant's employees," and that her life was threatened by Children's employees.  (Pl. Amend. Compl. at ¶¶28-30, 42). Plaintiff cannot on the one hand claim that she was defamed when someone said she accused

DC1 30158142.1

another of making threats against her, while on the other hand allege that the threats were in fact made against her. Plaintiff cannot have been defamed by the very thing which she alleges in her Amended Complaint to be true and her defamation claim should therefore be dismissed.

**Plaintiff Has Provided No Context From Which Injury Could Be Inferred.** Even if Plaintiff had not conceded the truth of the allegedly defamatory statement, this Court should still reject her claim. A statement is defamatory only "if it tends to injure the plaintiff in [her] trade, profession or community standing, or lower [her] in the estimation of the community." *Moss v. Stockard,* 580 A.2d 1011, 1023 (D.C. 1990). A plaintiff must provide the appropriate context in order to demonstrate that a statement is defamatory, and an isolated statement cannot simply be pronounced defamatory or deemed capable of a defamatory meaning. *Moldea v. New York Times Co.,* 22 F.3d 310, 313-15 (1994). The non-specific statement Plaintiff alleges in her Complaint is neither odious, infamous, or ridiculous, nor does it tend to injure Plaintiff in her trade or profession. Plaintiff does not and cannot provide any context or other information which would tend to indicate that the statement was defamatory or that she suffered any harm because of it, and her claim should therefore be rejected.

**Plaintiff Cannot Show Children's Is Liable Nor Can She Overcome The Privilege.** Plaintiff does not provide any information whatsoever that would demonstrate that, assuming a statement was made and it could somehow be construed as defamatory, that Children's Hospital is in anyway responsible for such a statement, or that any statement that was made was not privileged.

In cases like this one, where routine employment communications are at issue, Plaintiff must present sufficient evidence to overcome the defense of privilege. *See Altimont v. Chatelain,* 374 A.2d 284, 290 (D.C. 1977). A qualified privilege shields communications between the publisher of a defamatory statement and the person who hears it, if, at the time the statement was made, the two individuals shared a common interest in a particular subject, and the communication was reasonably calculated to protect or further that interest. *Alade v. Borg-Warner Protective Services Corp.,* 28 F. Supp.2d 655, 656 (D.D.C. 1998); *Elliott v.*

- 4 -

*Healthcare Corp.,* 629 A.2d 6, 9 (D.C. 1993).  Whether a statement is privileged is a question of law for the court.  *Altimont,* 374 A.2d at 290; *Alade,* 28 F. Supp.2d at 656.

Plaintiff's Amended Complaint, construed in the light most favorable to Plaintiff, alleges that she visited Children's employees at the Washington Hospital Center and that as a result of her visit, Deaunte Lancaster, the Children's DC Kids Program Business Service Manager, met with Plaintiff's supervisor, Franklyn Baker, and his supervisor Gretta Todd, and told them that Plaintiff had "accused fellow employee Crystal Farrell of sending the anonymous letters and threatening to kill plaintiff."  (Amend. Compl. at ¶ 12).  Obviously, the foregoing statement, assuming it was even made, was made to those who had a common interest in the statement, *i.e.* the supervision and management of Children's employees, and was made to protect or further that interest—it must therefore be considered a privileged statement and cannot be construed as defamatory.  *See Smith v. District of Columbia,* 399 A.2d 213, 220-21 (D.C. 1979) (employer may make inquiries regarding employee conduct without fear of defamation claim even if inquiry may contain accusations that might otherwise be defamatory).  Indeed, the privileged nature of the communication is further supported by the fact that Plaintiff alleges that Ms. Lancaster, on the very day she allegedly defamed Plaintiff, also wrote her a glowing letter of recommendation.  (Compl. Exh. 3).  Given the letter of recommendation, Ms. Lancaster plainly did not intend to defame Plaintiff by any statement she supposedly made, and would have discussed Plaintiff's visit to the Washington Hospital Center only as part of her responsibilities as a Children's employee.  The alleged communication is therefore privileged and Plaintiff's defamation claim should be dismissed.

### B.    Plaintiff Was Not Subjected To Libel *Per Se.*

Plaintiff contends that she was somehow subjected to libel *per se* by a letter confirming that her employment had been terminated "as a result of [her] inappropriate actions."  (Amend. Compl. at ¶ 43).  Plaintiff's libel *per se* claim must fail, however, because libel *per se* requires the actual imputation of a criminal offense.  *Raboya v. Shrybman & Assocs.,* 777 F.Supp. 58, 60 (D.D.C. 1991) (relying on *Smith v. District of Columbia,* 399 A.2d 213 (D.C. 1979)).  The letter

- 5 -

does not and cannot be construed to accuse Plaintiff of a criminal offense, and her libel *per se* claim must therefore be dismissed.

Even if Plaintiff attempts to change her allegation from libel *per se*, it still must fail because she does not and cannot demonstrate how the letter is somehow defamatory. *See Wiggins v. Philip Morris, Inc.,* 853 F. Supp. 458, 465 (D.D.C. 1994). Further, the letter, a routine piece of correspondence sent only to those who had a need to know of the communication and a common interest in its subject matter—even assuming it could be construed as injuring Plaintiff in her trade or profession—is plainly privileged. The letter was written by Karen Myers, a Senior Human Resources Consultant, and was addressed only to Ms. Stanley. The letter was copied only to Franklyn Baker, Ms. Stanley's supervisor at the time, and Mr. Baker's supervisor at the time, Greta Todd. All of these individuals plainly had an interest in the subject matter of the communication, *i.e.* confirmation of an employment termination, and the letter was plainly intended to further that interest. Plaintiff does not and cannot allege that this letter was drafted and sent to her with malice, a necessary requirement to defeat the privilege. Additionally, Plaintiff has not demonstrated how any such letter, sent only to those Children's employees with an interest in the document, constitutes a "publication" to a third party.

Moreover, Plaintiff's Complaint concedes that the letter merely confirmed what she was allegedly told at a May 6, 2005 meeting, *i.e.,* that she had committed a "breach of security" by visiting Children's employees at the Washington Hospital Center. (Amend. Compl. at ¶¶ 14-15). Plaintiff goes on to concede that she did in fact make the visits which Children's allegedly described as "inappropriate." (Amend. Compl. at ¶ 11). In other words, Plaintiff admits she made the visits, she merely disagrees with whether any such visits were "inappropriate." Plaintiff cannot hope to base a defamation claim on something so thin—her disagreement with Children's characterization of the actions she admits she engaged in. At essence, Plaintiff simply disagrees with the reasons given for the termination of her employment, nothing more. And such

disagreement cannot substitute for an actual defamatory statement.  Plaintiff's slander claim must be dismissed.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice and that the Court award it such other further relief as it deems appropriate.

Respectfully submitted,

THE CHILDREN'S NATIONAL MEDICAL CENTER

/s/ Raymond C. Baldwin
Raymond C. Baldwin #461514

SEYFARTH SHAW
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400

Attorneys for Defendants

Date: December 27, 2005

- 7 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing Motion to Dismiss with Memorandum of Points and Authorities in Support thereof was served electronically, this 27th day of December 2005, upon:

>Michael J. Beattie, Esq.
>9502B Lee Highway
>Fairfax, Virginia 22031
>
>Attorney for Plaintiff

>  /s/ Raymond C. Baldwin
>Raymond Baldwin