IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN STANLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:05CV01471 (HHK) |
| ) | |
| CHILDREN'S NATIONAL MEDICAL ) | |
| CENTER ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

Children's National Medical Center ("Children's"), by undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits this Supplemental Memorandum in Support of its Motion to Dismiss.

**I.     INTRODUCTION**

Children's December 27, 2005, Motion to Dismiss is unopposed. Plaintiff has not filed any Opposition and, therefore, has conceded Children's Motion. Given this fact, as well as the fact that Plaintiff has twice previously failed to meet routine Court deadlines—including failing to appear for a scheduled hearing, Children's Motion to Dismiss should be granted and Plaintiff's claims dismissed with prejudice.

**II.     ARGUMENT**

Children's filed its second Motion to Dismiss on December 27, 2005. [Docket Entry # 11]. The Motion set forth detailed factual and legal arguments demonstrating that dismissal is appropriate in this case. [Docket Entry # 11]. Plaintiff's Opposition to that Motion was due on January 13, 2006. Apparently recognizing the merits of Children's arguments, however, Plaintiff has not, more than three weeks after her Opposition was due, filed any Opposition. Children's

- 1 -

Case 1:05-cv-01471-HHK   Document 12   Filed 02/06/2006   Page 2 of 4

Motion to Dismiss should therefore be treated as conceded, and Plaintiff's Amended Complaint should be dismissed with prejudice.  Local Rule 7.1 (b).

Plaintiff's failure to respond to Children's December 27, 2005 Motion to Dismiss is not the first time she has demonstrated a lack of regard for the Rules of this Court.  On October 5, 2005, Defendant filed its first Motion to Dismiss.  [Docket #5].  Plaintiff's Opposition to that Motion was due on October 19, 2005.  Local Rule 7.1(b); Fed. R. Civ. P. 6(a)(e).  Plaintiff waited, however, until October 24, 2005 to file her Opposition.  [Docket #6].  Plaintiff's Opposition was therefore untimely.  *Id.*  Plaintiff did not request the Court's permission for the late filing, nor did she attempt to explain its tardiness—or even acknowledge that it was late.

The Court scheduled a hearing on Defendant's Motion to Dismiss for November 28, 2005.  [Minute Entry 10/11/05].  At the November 28, 2005 hearing, Plaintiff's counsel failed to appear.  [Minute Entry 11/28/05].  Following the hearing, the Court granted in part and denied in part Defendant's Motion to Dismiss, and because Plaintiff's defamation claim was largely indecipherable, directed Plaintiff to file an amended complaint which was to "clearly and plainly" set forth her defamation claims.

In response, Plaintiff filed an Amended Complaint which was only marginally more clear than her initial pleading and, more importantly, failed to correct the fundamental failings which warranted dismissal of her defamation claims in the first instance and compels dismissal now, *i.e.,* that Plaintiff concedes the truth of the alleged defamatory statement, she cannot allege the requisite facts necessary to overcome the privilege protecting the alleged statement as well as the letter which merely confirmed the termination of her employment—and she cannot maintain a claim of libel *per se*, because she was not accused of a criminal offense.

In sum, Children's Motion to Dismiss is unopposed, and considering that Plaintiff has previously missed a filing deadline without explanation and failed to appear at a Court ordered hearing also without explanation, this Court should not hesitate to dismiss Plaintiff's Amended Complaint with prejudice.

- 2 -

DC1 30160370.1

### III.   CONCLUSION

WHEREFORE, for the foregoing reasons, and those set forth in Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss, Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice and that the Court award it such other further relief as it deems appropriate.

    Respectfully submitted,

    THE CHILDREN'S NATIONAL MEDICAL CENTER

    /s/ Raymond C. Baldwin
    Raymond C. Baldwin #461514

    SEYFARTH SHAW
    815 Connecticut Avenue, N.W.
    Suite 500
    Washington, D.C. 20006-4004
    (202) 463-2400

    Attorneys for Defendants

Date: February 6, 2006

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Supplemental Motion in Support of Motion to Dismiss was served electronically, this 6th day of February 2006, upon:

> Michael J. Beattie, Esq.
> 9502B Lee Highway
> Fairfax, Virginia 22031
>
> Attorney for Plaintiff

        /s/ Raymond C. Baldwin
           Raymond Baldwin