IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN STANLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:05cv1471 (HHK) |
| ) | |
| CHILDREN'S NATIONAL MEDICAL CENTER ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Karen Stanley (Plaintiff), by counsel, submits her opposition to defendant's Motion to Dismiss.

I. **Standard of Review**

Defendant correctly states that in reviewing a motion to dismiss under Rule 12(b)(6), the court must assume that the facts alleged by the plaintiff are true, drawing all reasonable inferences in plaintiff's favor. *Doe v. United States Department of Justice*, 753 F.2d 1092 ( D.C. Cir. 1985) ("When a motion to dismiss a complaint is made, … the clear and long-accepted meaning [of Rules 54(c) and 12] is that a complaint should not be dismissed for legal insufficiency except where there is failure to state a claim on which some relief, not limited by the request in the complaint, can be granted.").

II. **Defamation**

Plaintiff's Complaint satisfies the requirements of notice pleading, as it alleges the elements of a cause of action for defamation: (1) a false and defamatory statement; (2) published

without privilege to a third party; (3) involving some fault of the speaker; (4) that caused the plaintiff special harm. *Messina v. Fontana,* 260 F. Supp.2d 173 (D.D.C. 2003) ("heightened pleading standards do not apply in defamation actions.")

### A. Defendants made a false and defamatory statement.

Defendants made two false and defamatory statements. The first false and defamatory statement was made on May 3, 2005. On that day, Deaunte Lancaster, a CNMC employee, met with Greta Todd and Franklyn Baker, other CNMC employees. In this meeting, Ms. Lancaster made a false allegation that Plaintiff went to Washington Hospital Center and accused fellow employee Crystal Farrell of sending anonymous letters and threatening to kill plaintiff. Thus, the complaint alleges that defendant's employees Deaunte Lancaster met with Greta Todd and Franklyn Baker based on fraudulent information and that defendant falsely accused plaintiff of "inappropriate actions," including making threats to another employee.

The second false and defamatory statement was the actual termination of the plaintiff. On April 27, 2005, plaintiff was informed via a letter from Franklyn Baker, Director of DC Kids, that plaintiff's position as Clinical Coordinator in the DC Kids department is "eliminated effective June 26, 2005." However, after the meeting on May 3, 2005 regarding the above mentioned false allegations, plaintiff received another letter from CNMC. On May 9, 2005, plaintiff received a letter from Karen Meyers, Senior Human Resources Consultant, that stated "as a result of your inappropriate actions, your employment with Children's Hospital was termination effective May 6, 2005." The statement that plaintiff performed an "inappropriate action" is a false and defamatory statement.

### B. The statement was published without privilege to a third party.

The allegations stated by Ms. Lancaster were believed by the other parties. Without investigation as to the validity of the statements, a meeting was initiated to include the Head of Security, Human Resources representative Karen Myers, Greta Todd, Franklyn Baker, and Mary Allen-Rochester, who were instructed to wait to be called into a meeting to be scheduled for May 4, 2005. The Complaint alleges that this defamatory accusation was published without privilege to several employees.

### C. The statement involved some fault of the speaker.

Plaintiff insists that she never accused Ms. Farrell of sending anonymous letters or threatening to kill Plaintiff, and thus, that the allegations are false. The Complaint also adequately alleges that defendant was at fault in doing so, as (1) it did not investigate the allegations of "inappropriate actions" against plaintiff before publishing them, and (2) its accusation of "inappropriate actions" was a pretext for firing her because defendant did not want plaintiff around anymore.

### D. The statement caused the plaintiff special harm.

Due to the plaintiff's termination for "inappropriate actions," she was not allowed to pursue other job opportunities within the CNMC system. If, in fact, the plaintiff's position had been eliminated sue to a reduction in force or "position elimination," she would likely have been able to apply for another position within the hospital system.

The Complaint sufficiently alleges special harm to the plaintiff, who lost her job and whose reputation and prospects for future employment were unfairly harmed by the defamatory statements. Accordingly, plaintiff has more than adequately pled a cause of action for defamation.

### III. Libel *Per Se*

The plaintiff's complaint is sufficiently specific to survive the motion to dismiss. Plaintiff's complaint specified the defamatory statements on which she based her complaint, identified the nature of the defamation and to whom it was published, and alleged that these communications were libelous *per se*.

Defendant's assertion that the plaintiff was not defamed by the statements alleged in the Complaint is an inappropriate issue for resolution on a 12(b)(6) motion to dismiss. Assuming all the facts in the Complaint are true and drawing all reasonable inferences in plaintiff's favor, plaintiff has stated a claim on which relief can be granted.

### IV. Conclusion

Defendant's Motion to Dismiss and supporting memorandum do not meet the requirements of dismissal for failure to state a claim under the Federal Rules of Civil Procedure or the Local Rules of this court. The plaintiff respectfully requests that the court deny the motion.


Respectfully Submitted,

Karen Stanley
By Counsel


_____

Michael J. Beattie
9502B Lee Highway
Fairfax, VA 22031
(703) 267-5784

Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true copy of this Opposition to Defendant's Motion to Dismiss was served by first class mail, postage prepaid, this 15 day of February, 2006, upon:

Raymond C. Baldwin
Seyfarth Shaw
815 Connecticut Ave., NW
Ste. 500
Washington, DC 20006

Attorney for Defendants

_____

Michael J. Beattie, Esq.