IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN STANLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:05CV01471 (HHK) |
| ) | |
| CHILDREN'S NATIONAL MEDICAL ) | |
| CENTER ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPLY TO PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S SECOND MOTION TO DISMISS

Children's National Medical Center ("Children's")[1], by undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits its Reply to Plaintiff's Opposition to its Second Motion to Dismiss.

### I.   INTRODUCTION

Plaintiff's Opposition was filed more than thirty (30) days after it was due, and was submitted only after Defendant filed a Supplemental Motion informing the Court that its Motion to Dismiss stood unopposed. Plaintiff did not seek leave of the Court for this remarkably late filing, and did not even attempt to explain or acknowledge that the filing was untimely. Plaintiff's repeated flagrant disregard for the Rules should not be tolerated and Defendant's Second Motion to Dismiss should be treated as conceded, and Plaintiff's Amended Complaint should be dismissed with prejudice.

Plaintiff's Opposition, even assuming it were timely filed, does not address and therefore concedes Defendant's argument that she could not have been defamed by that which she

---

[1] Children's National Medical Center is not a proper party to this lawsuit. Plaintiff's former employer, and the employer of the other individuals identified in her Complaint is Children's Hospital, a separate legal entity.

- 1 -

acknowledges to be true. Similarly, Plaintiff's Opposition fails to address and therefore concedes the fact that in order to sustain a claim of libel *per se*, she must demonstrate that she was accused of a criminal offense. Obviously, a routine workplace letter mentioning "inappropriate conduct" cannot substitute for a criminal offense and her libel *per se* claim should be rejected.

   **A.**  **Plaintiff Cannot Be Defamed By That Which She Alleges Is True.** In her own Amended Complaint, Plaintiff concedes the truth of the allegedly defamatory statement and it cannot therefore be considered defamatory. *Olinger v. Am. Sav. & Loan Ass'n.,* 409 F.2d 142, 144 (D.C. Cir. 1929) (truth is an absolute defense to defamation claim). Plaintiff's Amended Complaint alleges that one or more of Defendant's employees "made threatening calls to her home," that Defendant has "police reports on file detailing anonymous threats filed against her by Defendant's employees," and that her life was threatened by Children's employees. (Pl. Amend. Compl. at ¶¶28-30, 42). Plaintiff cannot on the one hand claim that she was defamed when someone said she accused another of making threats against her, while on the other hand allege that the threats were in fact made against her. Plaintiff cannot have been defamed by the very thing which she alleges in her Amended Complaint to be true and her defamation claim should therefore be dismissed. Plaintiff's untimely Opposition does not address this argument and therefore concedes it.

   **B.**  **Plaintiff Cannot Overcome The Privilege Protecting The Alleged Statement.**

  In cases like this one, where routine employment communications are at issue, Plaintiff must present sufficient evidence to overcome the defense of privilege. *See Altimont v. Chatelain,* 374 A.2d 284, 290 (D.C. 1977). Rather than presenting such evidence in her Amended Complaint or her Opposition, Plaintiff merely states, without support or explanation, that the statement is not privileged. Plaintiff's Opposition does not address Defendant's arguments demonstrating that any statement that was allegedly made was privileged, and she therefore concedes those arguments. Defendant's Opposition demonstrates that the individuals allegedly involved in the statement shared a common interest in its subject, and that the

communication was reasonably calculated to protect or further that interest. *Alade v. Borg-Warner Protective Services Corp.,* 28 F. Supp.2d 655, 656 (D.D.C. 1998); *Elliott v. Healthcare Corp.,* 629 A.2d 6, 9 (D.C. 1993). Plaintiff's Opposition does not challenge this showing and the statement must therefore be considered privileged as a matter of law.

  **C.** **Plaintiff Was Not Subjected To Libel *Per Se*.** Plaintiff's Opposition also fails to address and therefore concedes that, a claim of libel *per se* requires the actual imputation of a criminal offense. *Raboya v. Shrybman & Assocs.,* 777 F.Supp. 58, 60 (D.D.C. 1991) (relying on *Smith v. District of Columbia,* 399 A.2d 213 (D.C. 1979)). In this case, the routine workplace letter Plaintiff received confirming the termination of her employment does not allege that Plaintiff committed a criminal offense and her claim must therefore be dismissed. The letter does not and cannot be construed to accuse Plaintiff of a criminal offense, and her libel *per se* claim must therefore be dismissed.

 Further, the letter, a routine piece of correspondence sent only to those who had a need to know of the communication and a common interest in its subject matter—even assuming it could be construed as injuring Plaintiff in her trade or profession—is plainly privileged. The letter was written by Karen Myers, a Senior Human Resources Consultant, and was addressed only to Ms. Stanley. The letter was copied only to Franklyn Baker, Ms. Stanley's supervisor at the time, and Mr. Baker's supervisor at the time, Greta Todd. All of these individuals plainly had an interest in the subject matter of the communication, *i.e.* confirmation of an employment termination, and the letter was plainly intended to further that interest. Plaintiff does not and cannot allege that this letter was drafted and sent to her with malice, a necessary requirement to defeat the privilege. Additionally, Plaintiff has not demonstrated how any such letter, sent only to those Children's employees with an interest in the document, constitutes a "publication" to a third party.

  **D.** **Plaintiff's Blatant Disregard For The Rules Warrants Dismissal.** Plaintiff's failure to respond to Children's December 27, 2005 Motion to Dismiss is not the first time she has demonstrated a complete lack of regard for the Rules of this Court. On October 5, 2005,

Defendant filed its first Motion to Dismiss. [Docket #5]. Plaintiff's Opposition to that Motion was due on October 19, 2005. Local Rule 7.1(b); Fed. R. Civ. P. 6(a)(e). Plaintiff waited, however, until October 24, 2005 to file her Opposition. [Docket #6]. Plaintiff's Opposition was therefore untimely. *Id.* Plaintiff did not request the Court's permission for the late filing, nor did she attempt to explain its tardiness—or even acknowledge that it was late.

The Court scheduled a hearing on Defendant's Motion to Dismiss for November 28, 2005. [Minute Entry 10/11/05]. At the November 28, 2005 hearing, Plaintiff's counsel failed to appear. [Minute Entry 11/28/05]. Again, no explanation was ever provided for Plaintiff's counsel's failure to appear.

Given Plaintiff's failure to file a timely Opposition and to appear for the hearing, the Court could have readily dismissed her Complaint. Instead, the Court opted to provide Plaintiff with another chance to make her case, and following the hearing, the Court granted in part and denied in part Defendant's Motion to Dismiss. Because Plaintiff's defamation claim was largely indecipherable, however, the Court directed Plaintiff to file an amended complaint which was to "clearly and plainly" set forth her defamation claims.

The Amended Complaint was only marginally more clear than its predecessor. Indeed, Plaintiff failed to heed the Court's directive—not to mention the Federal Rules of Civil Procedure—to file a complaint which plainly sets forth her claims, and she has repeatedly failed to abide by the Rules of this Court. Moreover, Plaintiff has largely not bothered to respond to any of the arguments Defendant made in its Motions to Dismiss. The Court and Defendant should not have to expend time, energy and money divining Plaintiff's claims or litigating this case on her chosen schedule.

In sum, Children's Motion to Dismiss is unopposed, and considering that Plaintiff has previously missed a filing deadline without explanation and failed to appear at a Court ordered hearing also without explanation, failed to follow the Court's directive that she file a plain and clear statement of her claims, and failed to address the arguments made in Defendant's Motion to Dismiss, this Court should not hesitate to dismiss Plaintiff's Amended Complaint with prejudice.

- 5 -

If the Court is not inclined to dismiss the Complaint outright, it should award Defendant its costs and fees incurred in having to accommodate Plaintiff's careless approach to the Rules of the Court.

WHEREFORE, for the foregoing reasons, and those more fully set forth in Defendant's Motion to Dismiss, Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice and that the Court award it such other further relief as it deems appropriate.

Respectfully submitted,

THE CHILDREN'S NATIONAL MEDICAL CENTER

/s/ Raymond C. Baldwin
Raymond C. Baldwin #461514

SEYFARTH SHAW
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400

Attorneys for Defendant

Date: February 23, 2006

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss was served electronically this 23rd day of February 2006, upon:

>Michael J. Beattie, Esq.
>9502B Lee Highway
>Fairfax, Virginia 22031
>
>Attorney for Plaintiff

   /s/ Raymond C. Baldwin
         Raymond Baldwin